UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEE NEUKRANZ, individually and as heir of the ESTATE OF LLOYD NEUKRANZ, and on behalf of a class of similarly situated persons,<br><br>*Plaintiffs*,<br><br>v.<br><br>CONESTOGA SETTLEMENT SERVICES, LLC; CONESTOGA INTERNATIONAL, LLC; CONESTOGA TRUST SERVICES, LLC; L.L. BRADFORD AND COMPANY, LLC; PROVIDENT TRUST GROUP, LLC; STRATEGIX SOLUTIONS, LTD.; and MICHAEL MCDERMOTT,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:19-cv-1682 |

## NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. §§ 1332(d), 1446, and 1453 ("CAFA"), Defendant Provident Trust Group, LLC ("Provident") hereby gives notice of the removal of Cause No. DC-19-08025 currently pending in the 160th District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and states as follows:

### I.   NATURE OF THE ACTION

1.     On June 20, 2019, Provident received service of a putative nationwide class action captioned *Neukranz, et al., v. Conestoga Settlement Services, LLC, et al.*, Cause No. DC-19-08025

filed in the 160th District Court of Dallas County, Texas (the "State Court Action"). The State Court Action alleges class claims against several defendants, including Provident.

2. This putative class action is being brought on behalf of a nationwide class consisting of "all Conestoga life settlement participants who (a) purchased interests in Conestoga life settlements; and (b) received the Written Sales Materials." Orig. Pet. ¶ 131.[1] The "Written Sales Materials" are defined in the Original Petition as documents provided by Conestoga: "the Fractional Life Settlement Portfolio, the Private Placement Memorandum, the Policy Selection Sheet, and so-called 'Important Disclosures' regarding 'Significant Risk Factors' (collectively, the 'Written Sales Materials')." *Id.* ¶ 40.

3. The Original Petition alleges that Plaintiffs and others in the putative nationwide class lost money "as the result of a life settlement investment scam perpetrated by Conestoga, Provident, and the other Defendants." Orig. Pet. ¶ 2. Plaintiffs claim they "paid hundreds of thousands of dollars from their Individual Retirement Account (IRA) to purchase fractional interests in eleven life insurance policies." *Id.* ¶ 6. Plaintiffs allege that Defendants "falsely represented" that the life-settlement investments would pay out upon the death of the insured person, but Defendants failed to maintain adequate reserves to pay the premiums necessary to keep the policies in place. *Id.* ¶¶ 4, 5. Plaintiffs contend that, when Conestoga demanded that Plaintiffs make additional premium payments, they "were given the impossible choice of either capitulating to these demands by paying thousands of dollars in unexpected, undisclosed insurance premiums, or else forfeiting their investments and losing their retirement savings." *Id.* ¶ 7. Plaintiffs allege that, as a result, they "were forced to pay *nearly $21,000 more than the annual premiums they were promised.*" *Id.* ¶ 10 (emphasis in original). Plaintiffs allege that Defendants coordinated a

---

[1] In the Original Petition, "Conestoga" refers to Defendants Conestoga Settlement Services, LLC, Conestoga International, LLC, and Conestoga Trust Services, LLC.

fraud that caused Plaintiffs and the putative nationwide class to suffer "significant financial harm, including the loss of much of their life savings." *Id.* ¶ 20.

4. Based on these allegations, on behalf of Plaintiffs and the putative nationwide class, the Original Petition asserts ten separate claims for relief:

    a. <u>Common Law Fraud</u>: "The Defendants, either directly or by attribution, made misrepresentations to the class members, including the Plaintiffs, regarding certain facts related to the offers to sell fractional interests in life settlements. These misrepresentations were made in the Written Sales Materials." Orig. Pet. ¶ 139.

    b. <u>Fraud by Non-Disclosure</u>: "The Defendants concealed from or failed to disclose facts to the Plaintiffs and the class, including the fact that (a) the insurance companies could and would increase the cost of insurance, including, but not limited to premiums; (b) the escrow reserves would be insufficient to pay the cost of insurance, including, but not limited to premiums, for the stated life expectancy of the insured and beyond; (c) the stated life expectancies were deliberately understated and based on dishonest medical underwriting conducted by persons with conflicts of interest; and (d) the Defendants were not independent or free from conflicts of interest." Orig. Pet. ¶ 148.

    c. <u>Civil Conspiracy</u>: Defendants conspired "to accomplish an unlawful purpose—to wit, to deceive and defraud participants, including Plaintiffs and the class members, and to conceal the fraudulent conduct. Alternatively, the object of the combination was to accomplish a lawful purpose by unlawful means—to wit, to sell fractional interests in life settlements through the use of false and misleading representations and material omissions and to conceal the fraudulent conduct." Orig. Pet. ¶ 159.

  d. <u>Aiding and Abetting (three separate counts)</u>:  Conestoga "committed a tort—to wit, common-law fraud, fraud by non-disclosure, and civil theft—against the Plaintiffs and the class," Orig. Pet. ¶¶ 164, 170, and the other Defendants assisted and encouraged, assisted and participated in, and acted in concert with one another to commit the allegedly tortious conduct, *id.* ¶¶ 167, 171, 179.

  e. <u>Breach of Fiduciary Duty</u>:  Defendants owed Plaintiffs and the putative nationwide class a fiduciary duty, Orig. Pet. ¶ 182, and breached that duty by engaging in fraudulent conduct, *id.* ¶ 183.

  f. <u>Violation of Texas Theft Liability Act, 31.03 TEX. CIV. PRAC. & REM. CODE 134.002-003, *et seq.*</u>:  Defendants "converted Plaintiffs' investment money and IRA funds" to "pay undisclosed insurance costs" and "pay themselves inflated commissions and other consideration that was contrary to the Written Sales Materials and never authorized by or disclosed to Plaintiffs." Orig. Pet. ¶¶ 189, 190.

  g. <u>Accounting</u>:  "Plaintiffs seek an accounting of all funds paid to the Defendants by the class in relation to the Conestoga life settlement contracts."  Orig. Pet. ¶ 194.

  h. <u>Declaratory Judgment</u>: Plaintiffs request a declaratory judgment that

> (1) Defendants have wrongfully demanded that Plaintiff[s] pay insurance costs and premiums that were not disclosed to Plaintiffs; (2) Defendants misrepresented the amounts held in escrow and misrepresented when such escrow amounts were likely to be depleted; (3) Defendants misrepresented and understated the costs of insurance, including premiums, that they intended to charge to Plaintiffs; (4) Plaintiffs shall not be required to pay and do not owe insurance charges, including premium payments, that were not disclosed or otherwise exceed what was disclosed, in the PPM; (5) Plaintiffs shall not be required to pay and do not owe any insurance costs or premiums that exceed the annual premiums stated in the PPM; (6) to the extent Plaintiffs may incur any obligation to pay additional insurance costs or premiums in the future, such payment obligations shall only begin, if at all, after the date the premium reserves were represented to expire, as represented by Defendants to Plaintiffs when soliciting Plaintiffs' investments.

Orig. Pet. ¶ 201.

5. Plaintiffs, for themselves and the putative nationwide class, seek "monetary and non-monetary damages, including, but not limited to, all expectancy damages, reliance damages, consequential damages, and other direct and indirect damages that are allowed by law or equity." Orig. Pet. ¶204. They further request "out of pocket and/or rescission damages, and Plaintiff[s] seek to rescind their investments and payments, so as to be put back into the position they were each in prior to making any investments." Id.[2]

## II. REMOVAL UNDER CAFA IS PROCEDURALLY PROPER

6. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the 160th District Court, Dallas County, Texas is located within the Northern District of Texas, Dallas Division. *See* 28 U.S.C. § 124(a)(1).

7. This Notice is timely because thirty days have not yet elapsed from Provident's receipt of Plaintiffs' Summons and Original Petition. 28 U.S.C. § 1446(b).

8. A written notice attaching a copy of this Notice of Removal is being served on Plaintiffs and filed with the Clerk of the 160th District Court of Dallas County, Texas, as required by 28 U.S.C. § 1446(d).

9. True and correct copies of process, pleadings, and orders filed in the State Court Action are attached hereto, as required by 28 U.S.C. § 1446 and LR 81.1:

> EXHIBIT A:    A civil cover sheet.
>
> EXHIBIT B:    A supplemental civil cover sheet.
>
> EXHIBIT C:    A true and correct copy of the state court docket sheet.
>
> EXHIBIT D:    True and correct copies of all pleadings asserting causes of action, all answers to such pleadings, and all orders signed by the state judge, along with an index of all documents that clearly identifies

---

[2] Provident disputes the validity of the Original Petition's factual and class-related allegations and legal conclusions, and denies that Plaintiffs or the putative nationwide class have been harmed in any way as the result of any action or inaction by Provident. For purposes of jurisdiction, however, these allegations define the scope of the dispute and the amount in controversy.

|  |  |
|---|---|
|  | each document and indicates the date the document was filed in state court. |
| EXHIBIT E: | Defendant Provident Trust Group, LLC's Certificate of Interested Persons. |
| EXHIBIT F: | Declaration of Christopher Molnar. |

### III.   THIS COURT HAS JURISDICTION OVER THIS PUTATIVE CLASS ACTION

10. This action is within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act of 2005, P.L. No. 109-2, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453(b). CAFA grants district courts original jurisdiction over putative class actions in which: (i) the putative class consists of at least 100 proposed class members; (ii) the amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs; and (iii) any member of the putative class of Plaintiffs is a citizen of a State different from that of any Defendant (so-called minimal diversity). CAFA allows removal by "any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). As set forth below, this action satisfies each of the requirements for original jurisdiction under CAFA.

11. <u>Covered Class Action</u>. Without conceding that there is any merit to the Complaint's allegations or claims, Provident acknowledges that this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

12. <u>Class Action Consisting of More than 100 Members</u>. The Original Petition states that it is being brought on behalf of "all Conestoga life settlement participants who (a) purchased interests in Conestoga life settlements; and (b) received the Written Sales Materials." Orig. Pet. ¶ 131. Plaintiffs allege that this purported nationwide class "likely constitutes hundreds of

participants," *id.* ¶ 132, and thus exceeds 100 individuals. Provident has further determined that, based on Plaintiffs' definition of the putative nationwide class, the number of potential putative class members greatly exceeds 100 individuals. Molnar Decl. ¶ 7. Because the putative nationwide class consists of at least 100 proposed class members, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

   13. <u>Diversity</u>. The required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

    a. As alleged in the Original Petition, both named Plaintiffs are citizens of Texas. Plaintiff Dee Neukranz is domiciled in Collin County, Texas. Orig. Pet. ¶ 20. Plaintiff Neukranz Estate "is the estate of decedent Lloyd W. Neukranz," who, prior to his death, was domiciled in Collin County, Texas. *Id.* ¶ 21. Both Neukranz and Neukranz Estate are citizens of Texas for purposes of diversity.

    b. Provident is a Nevada limited liability company. Provident is a wholly owned subsidiary of Pivot Acquisition Sub, Inc., a Delaware corporation with its principal place of business in Pennsylvania. Provident is thus deemed a citizen of Nevada, Delaware, and Pennsylvania for diversity purposes.

    c. Defendant Michael McDermott is domiciled in Puerto Rico. Orig. Pet. ¶ 28. McDermott is thus a citizen of the Commonwealth of Puerto Rico for diversity purposes.

    d. The diversity requirement of 28 U.S.C. § 1332(d)(2) is thus satisfied because there is diversity of citizenship between at least one proposed class member and at least one defendant.

14. <u>Amount in Controversy</u>.  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2), (d)(6).

    a.  For purposes of removal, "the question is not what damages the Plaintiff will recover, but what amount is 'in controversy' between the parties.'"  *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7th Cir. 2005) ("That the Plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the Plaintiff will fail and the judgment will be zero) does not prevent removal.").  When a complaint does not expressly "state the amount in controversy, the defendant's notice of removal may do so."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 551 (2014) (citing 28 U.S.C. § 1446(c)(2)).

    b.  The Original Petition seeks "monetary and non-monetary damages, including, but not limited to, all expectancy damages, reliance damages, consequential damages, and other direct and indirect damages that are allowed by law or equity."  Orig. Pet. ¶ 204.  It further requests "out of pocket and/or rescission damages, and Plaintiff[s] seek to rescind their investments and payments, so as to be put back into the position they were each in prior to making any investments."  *Id.*

    c.  Plaintiffs seek to recover attorneys' fees.  Orig. Pet. ¶¶ 202, 206.

    d.  The Original Petition alleges that the claims of Plaintiffs and the putative nationwide class are "significantly in excess of $1,000,000."  Orig. Pet. ¶ 208.

    e.  Plaintiffs define the putative nationwide class as "all Conestoga life settlement participants who (a) purchased interests in Conestoga life settlements; and (b) received

the Written Sales Materials." Orig. Pet. ¶ 131. The Original Petition asserts that all investors in the Conestoga life settlements received the Written Sales Materials. *Id.* ¶¶ 44, 45, 59, 76, 82.

        f.      Without conceding there is any merit to Plaintiffs' allegations or claims, and accepting Plaintiffs' allegations as true, the amount in controversy satisfies the jurisdictional threshold. According to Provident's records, hundreds of individuals had self-directed individual retirement accounts with Provident that invested in life settlements through Conestoga Settlement Trust. Molnar Decl.¶ 7. The aggregate value of those investments exceeds $5,000,000. *Id.* Plaintiffs are seeking rescission of their investments and payments, and their claimed damages would thus exceed the $5,000,000 threshold.

        g.      Provident disputes that it is liable to Plaintiffs or the putative nationwide class, or that Plaintiffs or the putative nationwide class suffered any injury or incurred damages in any amount whatsoever as a result of Provident's conduct. But for purposes of satisfying the jurisdictional prerequisites of CAFA, the amount in controversy exceeds $5 million.

## IV.   JURY DEMAND

15.    Plaintiffs demanded a jury in their Original Petition. Orig. Pet. ¶ 209.

## V.   CONCLUSION

For the foregoing reasons, Provident Trust Group, LLC hereby removes the above-styled and captioned cause pending in the 160th District Court of Dallas County, Texas to this Court under 28 U.S.C. § 1332(d) and requests that further proceedings be conducted in the Dallas Division of the U.S. District Court for the Northern District of Texas, as provided by law.

Dated:  July 15, 2019                                     Respectfully Submitted,

/s/*Christopher M. LaVigne*
Christopher M. LaVigne
  State Bar No. 24026984
  lavignec@gtlaw.com
Christopher S. Dodrill
  State Bar No. 24110696
  dodrillc@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  (214) 665-3600
Facsimile:   (214) 665-3601

**ATTORNEYS FOR DEFENDANT
PROVIDENT TRUST GROUP, LLC**

### CERTIFICATE OF SERVICE

This certifies that on this 15th day of July, 2019, a true and correct copy of the foregoing has been served on all counsel of record by first-class mail, e-mail, and through the Court's CM/ECF system at the address below:

Adam Sanderson
Brett Rosenthal
REESE MARKETOS LLP
750 N. St. Paul St., Ste. 600
Dallas, TX 75201-3202
adam.sanderson@rm-firm.com
brett.rosenthal@rm-firm.com

/s/*Christopher M. LaVigne*
Christopher M. LaVigne