IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DEE NEUKRANZ, individually and as representative of the ESTATE OF LLOYD NEUKRANZ, and on behalf of a class of similarly situated persons,<br><br>    *Plaintiffs,*<br>v.<br><br>CONESTOGA SETTLEMENT SERVICES, LLC; CONESTOGA INTERNATIONAL, LLC; CONESTOGA TRUST SERVICES, LLC; L.L. BRADFORD AND COMPANY, LLC; PROVIDENT TRUST GROUP, LLC; STRATEGIX SOLUTIONS, LTD.; and MICHAEL MCDERMOTT,<br><br>    *Defendants.* | Cause No. 3:19-cv-01681-L<br><br>**CLASS COMPLAINT**<br><br>**JURY DEMAND** |

**PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS REGARDING PROVIDENT'S MOTION TO COMPEL ARBITRATION**

Pursuant to Federal Rule of Civil Procedure 72(b), Plaintiffs Dee Neukranz ("Dee") and the Estate of Dee Neukranz by and through its representative (the "Estate") hereby submit these objections to the Findings, Conclusions, and Recommendation (Dkt 105) regarding Defendant Provident Trust Group, LLC's ("Provident") motion to compel arbitration (Dkt 9).

**SUMMARY**

The Magistrate Judge's opinion recognizes multiple times that "an arbitration clause that is subject to unilateral modification or termination" is illusory *unless* the agreement "feature[s] guarantees to prior notice *and* no retroactive application." Dkt 105 at 17 (quoting *Henry & Sons Constr. Co., Inc. v. Campos*, 510 S.W.3d 689, 694 (Tex. App. 2016)) (emphasis added); *id.* ("Even if a party retains the ability to modify the agreement, it is not illusory if there is a 'savings clause'

that requires advance notice *and* prevents its retroactive application.") (quoting *In re Halliburton Co.*, 80 S.W.3d 566, 569–70 (Tex. 2002)) (emphasis added).

As the Magistrate Judge recognized, the law is well-established that, in order to be valid and non-illusory, an amendable arbitration provision requires a "savings clause" that provides *both* (1) prior notice *and* (2) that limits any amendments to prospective claims only, *i.e.*, amendments cannot be applied retroactively.  See *Lizalde v. Vista Quality Markets*, 746 F.3d 222, 225–26 (5th Cir. 2014); *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205–09 (5th Cir. 2012); *Morrison v. Amway Corp.*, 517 F.3d 248, 257 (5th Cir. 2008); *Nelson v. Watch House Int'l, LLC*, 815 F.3d 190, 193–96 (5th Cir. 2016); *Sharpe v. AmeriPlan Corp.*, 769 F.3d 909, 918 (5th Cir. 2014); *Torres v. SGE Mgmt., LLC*, 397 Fed. App'x 63, 68 (5th Cir. 2010) (unpublished); *Scudiero v. Radio One of Tex., LLC*, 547 Fed. App'x 429, 431–32 & n. 1 (5th Cir. 2013) (per curiam).

Although the Magistrate Judge recognized these rules and cited many of these authorities, the Magistrate Judge's opinion does not clearly and explicitly find that any amendments to the arbitration clause cannot be applied retroactively.  Moreover, some parts of the opinion could be read out of context to suggest that the Magistrate erroneously found that *both* requirements of a valid savings clause are met merely because the agreement purportedly requires prior notice, which is only one of the two necessary requirements under Texas law and is a view that has consistently been rejected by the Fifth Circuit.  In particular, the conclusion of the Magistrate Judge's analysis of this issue is ambiguous on this point:

> Here, Section 8.14 indicates that any amendment by Provident does not require Dee's *express consent* and that she will have implicitly consented to an amendment by not objecting to it within thirty days of its notice. **Based on this language**, Provident did not retain the unilateral right to amend the arbitration agreement **at any time with retroactive application**; the amendment can be rejected by the other side within thirty days from the date it is sent. **The accountholder's ability to reject any amendment within a thirty day notice window provides sufficient**

2

> **guarantee of "prior notice and no retroactive application."** *See Henry and Sons Constr. Co., Inc.*, 510 S.W.3d at 694.

Dkt. 105 at 18–19 (citation omitted and bold emphasis added).

Plaintiffs submit these objections to the Magistrate Judge's opinion urging the Court to clarify that the Court has determined that the IRA agreement does not permit retroactive application of amendments to the agreement. Again, this appears to be the implicit determination of the Magistrate Judge, but Plaintiffs seek this clarification in an abundance of caution because, this finding is not clearly articulated in the opinion and, without this finding, the arbitration clause cannot be upheld and instead must be invalidated as illusory.

Notably, Defendant Provident has repeatedly argued in this Court that its amendments to investors' IRA custodial agreement *can* be applied retroactively. For example, in opposing Plaintiffs' motion to certify the class, Provident repeatedly argued that class members are bound by a putative arbitration clause that Provident allegedly added unilaterally in January 2019. *See* Dkt. 48 at 8 ("Beginning in January 2019, Conestoga investors with custodian accounts at Provident were subject to an arbitration agreement and class action waiver in the Provident Custodian Agreement."); *id.* at 16 ("As of January 2019, the Custodial Agreement contains both an arbitration provision and a class action waiver."). Provident's contentions are incompatible with the Fifth Circuit caselaw and the Magistrate Judge's analysis and conclusion.

To alleviate any doubt or ambiguity about these findings, Plaintiffs respectfully request that the Court make clear in the final decision that any amendments to the IRA custodial agreement cannot be applied retroactively. Alternatively, if the Court finds that the IRA custodial agreement by its terms allows retroactive amendments (or does not expressly forbid retroactive amendments as required by law), it must overrule the Magistrate Judge and find that the arbitration provision is illusory under well-established Fifth Circuit precedent.

## STANDARD OF REVIEW

Where a magistrate judge issues a recommendation on a dispositive issue such as a motion to compel arbitration, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see Williams v. Home Depot USA, Inc.*, 2016 WL 4039182, *1 (N.D. Tex. July 28, 2016) (applying de novo review in resolving objections to magistrate judge's recommendation to compel arbitration).

## LEGAL STANDARDS

The Fifth Circuit's cases leave no doubt that an amendable arbitration clause must have *both* a notice requirement *and* a non-retroactive-application requirement in order to be valid. For example, in *Lizalde*, the Fifth Circuit explained:

> Where one party has the unrestrained unilateral authority to terminate its obligation to arbitrate, [ ] the agreement understandably is illusory. This is not to say that if a a party retains any ability to terminate the agreement, the agreement is illusory. Instead, retaining termination power does not make an agreement illusory so long as that power 1) *extends only to prospective claims*, 2) applies equally to both the [plaintiff's] and the [defendant's] claims, and 3) so long as advance notice to the [plaintiff] is required before termination is effective.

*Lizalde v. Vista Quality Mkts.*, 746 F.3d 222, 225–26 (5th Cir. 2014) (emphasis added) (citing *In re Halliburton*, 80 S.W.3d 566 (Tex. 2002)). As this guidance makes clear, advance notice *alone* is inadequate to save an amendable arbitration clause.

Similarly, in *Carey*, the Fifth Circuit directly took on the argument that prior notice alone could be sufficient, and the court rejected that proposition. As the Court explained:

> [W]here one party to an arbitration agreement seeks to invoke arbitration to settle a dispute, if the other party can suddenly change the terms of the agreement to avoid arbitration, then the agreement was illusory from the outset. *The crux of this issue is whether [the defendant] has the power to make changes to its arbitration policy that have retroactive effect*, meaning changes to the policy that would strip the right of arbitration from a [plaintiff] who has already attempted to invoke it. …

4

> Although 24 Hour Fitness is correct that it is necessary for an employer seeking to change the terms of an employment contract to prove notice and acceptance of those changes, *it does not follow that these two steps are sufficient to make a contract non-illusory.  Halliburton* makes this clear. … If notice and acceptance were all that were required to make an arbitration agreement non-illusory, the court could have answered the question of illusoriness at once upon finding that Halliburton had satisfied those requirements.  Instead, later in the opinion, the court embarked upon a completely separate discussion of whether the arbitration agreement was illusory.  Nowhere in that discussion did the court suggest that its earlier holding— that notice and acceptance of the change had occurred—was sufficient to answer that question, or even that it factored into the inquiry at all.  Instead, *the court's analysis of whether the agreement was illusory dealt exclusively with the savings clause preventing any changes from having retroactive effect*. …
>
> [T]he fundamental concern driving this line of case law is the unfairness of a situation where two parties enter into an agreement that ostensibly binds them both, but where one party can escape its obligations under the agreement by modifying it.  *Requiring notice alone does not fully address this concern* …

*Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205–09 (5th Cir. 2012) (emphases added; citations and alterations omitted).

The Fifth Circuit in *Carey* also recognized that "both *Torres* and *Morrison* hold that notice is insufficient when retroactive amendment is possible." *Id.* at 207 (citing *Torres v. SGE Mgmt., LLC*, 397 Fed. App'x 63 (5th Cir. 2010) & *Morrison v. Amway Corp.*, 517 F.3d 248, 257 (5th Cir. 2008)).  As the Court explained in *Torres*: "In sum, these cases make clear that even if an arbitration clause may be unilaterally modified, *if the modification or elimination of the clause does not apply retroactively so as to allow the avoidance of arbitration*, the promise to arbitrate is not illusory." *Torres*, 397 Fed. App'x at 67–68 (emphasis added).  Similarly, in *Morrison*, the Fifth Circuit found that there were "no *Halliburton* type savings clauses *which preclude application of such amendments to disputes which arose* (or of which Amway had notice) *before the amendment*." *Morrison*, 517 F.3d at 257–58 (emphasis added).  As such, the court found that the putative "arbitration agreement was illusory and unenforceable." *Id.*

5

More recently, the Fifth Circuit reached a similar conclusion in *Nelson*. There, the Court recognized that it had "had several occasions to consider whether parties' arbitration agreements were illusory." *Nelson v. Watch House Int'l, LLC*, 815 F.3d 190, 193–96 (5th Cir. 2016). Citing *Lizalde*, the court explained that it had "articulated a simple, three-prong test to determine whether a *Halliburton*-type savings clause" is adequate to uphold an amendable arbitration agreement. *Id.* at 193–94. The court then took on the defendant's argument "that an employer's unilateral right to terminate an arbitration agreement does not render the agreement illusory so long as the agreement meets the first prong of *Lizalde*, *i.e.*, so long as the employer's termination power extends only to prospective claims." *Id.* at 194. The Fifth Circuit rejected the proposition that a savings clause could be sufficient if it met only part of *Lizalde*'s test. Instead, the Court held that "a *Halliburton*-type savings clause is insufficient unless it provides *both* advance notice and a limitation to only prospective claims." *Id.* (emphasis in original).

## ARGUMENT

As the Magistrate Judge recognized, the law in the Fifth Circuit is crystal clear that, in order for an amendable arbitration clause to be valid and non-illusory, the agreement must contain a "savings clause" that provides for *both* prior notice *and* no retroactive application with respect to any amendment to the arbitration provision. *See* Dkt 105 at 17. Applying these rules, the Magistrate Judge found that the arbitration provision in this case is not illusory on the ground that the agreement contains a "guarantee of 'prior notice and no retroactive application.'" *Id.* at 18–19 (quoting *Henry & Sons*, 510 S.W.3d at 694). In its final order, the Court should clarify that any amendments to the IRA custodial agreement cannot be applied retroactively. Alternatively, if the Court finds that the IRA custodial agreement purports to permit retroactive amendments, the Court must overrule the Magistrate Judge and find that the arbitration clause is invalid as illusory.

>Here, Section 8.14 of the IRA custodial agreement reads in full as follows:
>
>Amendments – We have the right to amend this agreement at any time. Any amendments we make, including those made to comply with the [Internal Revenue] Code and related regulations, does [sic] not require your consent. You will be deemed to have consented to any other amendment unless, within 30 days from the date we send the amendment, you notify us in writing that you do not consent.

Dkt 10 at 13. By its terms, this provision purports to give Provident "the right to amend this agreement at any time," and it provides that such amendment "does not require your [the accountholder's] consent." Neither this provision, nor any other provision of the Agreement, *expressly* indicates that such amendments would have only prospective effect. *Cf. In re Online Travel Co.*, 953 F. Supp. 2d at 720 (upholding amendable arbitration clause as non-illusory where the "clause explicitly preclude[d] retroactive application of any changes"); *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 421, 424 (Tex. 2010) (upholding amendable arbitration clause as non-illusory where the agreement provided that "no such amendment or termination will alter the arbitration provisions with respect to an Injury occurring prior to the date of such amendment or termination") (quoted in *Carey*, 669 F.3d at 206, alterations omitted).

Here, the Magistrate Judge concluded that the IRA custodial agreement does not give Provident "the unilateral right to amend the arbitration agreement at any time with retroactive application." Dkt 105 at 18. Based on this finding, the Magistrate Judge found that the arbitration agreement was not illusory and therefore not invalid. However, as the authorities above make plain, this conclusion could only be correct if the Magistrate Judge concluded that the agreement requires prior notice *and* prohibits retroactive application of any amendments. Therefore, at minimum, the Court should expressly find that any amendments cannot be retroactive.

One could read the Magistrate Judge's opinion to hold that the arbitration clause is not illusory simply because, according to the Magistrate Judge, any "amendment can be rejected by

the other side within thirty days from the date it is sent." Dkt 105 at 18; *id.* at 18–19 ("The accountholder's ability to reject any amendment within a thirty day notice window provides sufficient guarantee of prior notice and no retroactive application.") (quotation omitted). As an initial matter, this is a strained reading of the agreement because, by its terms, the agreement expressly states that "any amendments we [Provident] make … does not require your [the accountholder's] consent." The agreement purports to provide that the accountholder "will be deemed to have consented" if he or she does not submit a written objection within thirty days, but there is nothing in the agreement that suggests that such an objection would prevent the putative amendment from taking effect. Indeed, the agreement does not even state that the putative amendment is not effective until expiration of the thirty-day period; rather, by its terms, it suggests that any unilateral amendment by Provident takes effect immediately.

Moreover, to the extent the Magistrate Judge determined that the agreement is not illusory simply because any amendment can be rejected within thirty days (assuming that this interpretation of the notice provision is accurate), this conclusion flies squarely in the face of the many Fifth Circuit cases referenced above. Notice alone is not enough; indeed, the Fifth Circuit has addressed provisions like Section 8.14 that allowed for implied consent and an opportunity to object on several occasions, and each time the Fifth Circuit held these contracts were invalid if the agreement allowed retroactive effect. *See Carey*, 669 F.3d at 205–09 (5th Cir. 2012) (explaining that "notice and acceptance are not sufficient to render an arbitration provision non-illusory"); *Morrison*, 517 F.3d at 257 (5th Cir. 2008); *Nelson*, 815 F.3d at 196 ("a *Halliburton*-type savings clause is insufficient unless it provides *both* advance notice and a limitation to only prospective claims") (emphasis in original); *Torres*, 397 Fed. App'x at 68 (5th Cir. 2010); *Lizalde*, 746 F.3d at 225–26 (setting forth three-prong test for evaluating amendable arbitration clauses).

To the extent the Magistrate Judge may have relied on a line from *D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862, 867 (Tex. App. 2006) that an "illusory promise is one that fails to bind the promisor because he retains the option of discontinuing performance without notice" (Dkt 105 at 17), the Fifth Circuit has expressly held that this statement is "dicta and expressly declined to follow it." *Scudiero v. Radio One of Tex. II, LLC*, 547 Fed. App'x 429, 431 n.1 (5th Cir. 2013). Indeed, in *Carey*, the Fifth Circuit expressly rejected the defendant's effort to rely on *D.R. Horton* for the proposition that "notice is all that is required to keep an arbitration from being illusory," finding that this language was "dicta" that the court "decline[d] to follow." 669 F.3d at 208 n.2.

Therefore, the only sensible reading of the Magistrate Judge's reading that comports with Fifth Circuit precedent is that the Magistrate Judge implicitly found that amendments could not be retroactively applied under the terms of the IRA custodial agreement. That said, in *Carey*, the Fifth Circuit rejected the defendant's argument that an agreement "should not be read to allow retroactive changes in its arbitration policy when it does not expressly provide retroactivity," finding that "[t]his argument ignores this court's holdings in *Torres*, 294 Fed. App'x at 68, and *Morrison*, 517 F.3d at 257, in which silence about the possible retroactive application of amendments to the arbitration policy was interpreted to allow amendments to apply retroactively." *Carey*, 669 F.3d at 206. As explained above, because the agreement did not prohibit retroactive amendments, the *Carey* court proceeded to conclude that the arbitration clause was invalid as illusory, despite the fact that any such amendments to the agreement in that case required prior notice and implied acceptance by the counterparty. *Id.* at 205–09.

The Magistrate Judge's apparently implicit finding that the agreement cannot be applied retroactively is in considerable tension with the Fifth Circuit's conclusion in these cases that "silence about the possible retroactive application of amendments to the arbitration policy [are]

9

interpreted to allow amendments to apply retroactively." *Carey*, 669 F.3d at 206 (citing *Torres* and *Morrison*). Like the contracts in those cases, the IRA custodial agreement does not explicitly state that any amendments cannot be applied retroactively. Under the logic of these Fifth Circuit precedents, the IRA custodial agreement's silence about the retroactive effect of any amendments would seem to indicate that amendments may be applied retroactively. Of course, if that is the case, then the arbitration clause here cannot be enforced because it lacks a valid savings clause. Therefore, if the Court concludes that the IRA custodial agreement purports to permit retroactive effect to amendments, then it must overrule the Magistrate Judge and find that the arbitration provision is invalid as illusory. *See Lizalde*, 746 F.3d at 225–26; *Carey*, 669 F.3d at 205–09; *Morrison*, 517 F.3d at 257; *Nelson*, 815 F.3d at 193–96; *Torres*, 397 Fed. App'x at 68.

## CONCLUSION

The Court should find that the IRA custodial agreement cannot be amended retroactively. Alternatively, if the Court finds that the agreement can be amended retroactively, then it must overrule the Magistrate Judge's opinion and find that the agreement is invalid as illusory under a long and consistent string of binding Fifth Circuit authority.

| | |
|---|---|
| Dated: February 5, 2020 | Respectfully submitted, |

                                                       REESE MARKETOS LLP

/s/ Adam Sanderson
Adam Sanderson
Texas Bar No. 24056264
adam.sanderson@rm-firm.com
Brett S. Rosenthal
Texas Bar No. 24080096
brett.rosenthal@rm-firm.com
750 N. Saint Paul Street, Ste. 600
Dallas, Texas 75201-3202
Telephone:  (214) 382-9810
Facsimile:   (214) 501-0731

**ATTORNEYS FOR PLAINTIFFS**

1

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that the foregoing was served on each counsel of record who has made an appearance in the case via the Court's automated e-filing system on this 5th day of February 2020.

_____
Adam Sanderson