IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEE NEUKRANZ,** individually and as heir of the ESTATE OF LLOYD NEUKRANZ, and on behalf of a class of similarly situated persons, | § § § § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. **3:19-CV-1681-L** |
| **CONESTOGA SETTLEMENT SERVICES, LLC; CONESTOGA INTERNATIONAL, LLC; CONESTOGA TRUST SERVICES, LLC; L.L. BRADFORD AND COMPANY, LLC; PROVIDENT TRUST GROUP, LLC; STRATEGIX SOLUTIONS, LTD.; and MICHAEL MCDERMOTT,** | § § § § § § § | |
| Defendants. | § § | |

## <u>ORDER</u>

Before the court is Defendants' Conestoga Settlement Services, LLC, Conestoga International, LLC, Conestoga Trust Services, LLC, and Michael McDermott (collectively, "Conestoga Defendants") Motion to Stay Pending Arbitration (Doc. 126), filed April 29, 2020, which was joined by Provident Trust Group, LLC ("Provident"). In their Motion to Stay, the Conestoga Defendants and Provident seek to stay the entire action pending arbitration of Dee Neukranz's individual claims against Provident. On July 14, 2020, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 136) was entered. Given the presence of non-signatories to the arbitration agreement, the magistrate judge recommends that the court grant in part the Motion to Stay. Specifically, the magistrate judge recommends that the Motion to Stay be granted to the extent that the court should grant a discretionary stay that stays all further proceedings in this case pending resolution of the scope of the arbitration issue in the

Order - Page 1

arbitration between Dee Neukranz, in her individual capacity, and Provident. No objections to the Report were filed.

Having considered the motion, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The Motion to Stay Pending Arbitration (Doc. 126) is **granted** to the extent set forth in the Report, and the case is **stayed** accordingly.

To prevent this case from continuing to age while stayed, the court **administratively closes** it pending resolution of the scope of arbitration issue in the arbitration between Dee Neukranz, in her individual capacity, and Provident. The United States District Clerk **shall** submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this order shall be considered a dismissal or disposition of this case, and, should further proceedings in it become necessary or desirable before resolution of the scope of arbitration issue, any party may file a motion to reopen the case to initiate such further proceedings, or the court may take such action *sua sponte*. Further, within **30 days** of the arbitrator resolving the scope of the arbitration issue, the parties **shall** file a joint status report that sets forth their respective positions as to whether the case should be reopened in light of the arbitrator's scope determination.

It is so ordered this 12th day of August, 2020.


Sam A. Lindsay
United States District Judge