IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEE NEUKRANZ,** *et al.*, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. **3:19-CV-1681-L** |
| **CONESTOGA SETTLEMENT SERVICES,** | § | (Consolidated with 3:21:CV-568-L) |
| **LLC; CONESTOGA INTERNATIONAL,** | § | |
| **LLC; CONESTOGA TRUST SERVICES,** | § | |
| **LLC; L.L. BRADFORD AND COMPANY,** | § | |
| **LLC; PROVIDENT TRUST GROUP, LLC;** | § | |
| **JAMES SETTLEMENT SERVICES, LLC;** | § | |
| **and MICHAEL MCDERMOTT,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

### I.    December 6, 2021 Findings, Conclusions and Recommendation (Doc. 186)

On December 6, 2021, the Findings, Conclusions and Recommendation of the United States

Magistrate Judge ("Report I") (Doc. 186) was entered, recommending that the court grant Defendant

LL Bradford and Company, LLC's Motion for Dismissal from Action for Court's Lack of Personal

Jurisdiction per FRCP 12(b)(2) (Doc. 153), filed May 8, 2021, and dismiss without prejudice LL

Bradford and Company, LLC ("LL Bradford").  Plaintiffs filed objections to Report I, contending

that the law-of-the-case doctrine precludes this court from revisiting the Nevada court's earlier

express or implied determination that this court has personal jurisdiction over LL Bradford when it

transferred the case to the Northern District of Texas, Dallas Division.  LL Bradford disagrees and

notes that this argument was rejected by the magistrate judge.

Having considered LL Bradford's motion, the pleadings, file, record in this case, and Report I, and having conducted a de novo review of that portion of Report I to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  The court, therefore, **overrules** Plaintiffs' objections; **grants** LL Bradford and Company, LLC's Motion for Dismissal from Action for Court's Lack of Personal Jurisdiction per FRCP 12(b)(2) (Doc. 153); and **dismisses without prejudice** Plaintiffs' claims against LL Bradford for lack of personal jurisdiction.

## II.    December 14, 2021 Findings, Conclusions and Recommendation (Doc. 192)

On December 14, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report II") (Doc. 186) was entered, recommending that the court grant the Conestoga Defendants and Michael McDermott's Motion to Stay Pending Arbitration (Doc. 169) of Plaintiffs' claims against Provident Trust Group, LLC ("Provident"); and deny without prejudice the Motions to Dismiss filed by Defendants (Docs. 163, 165) in light the recommendation that the entire action be stayed pending the conclusion of the arbitration. Plaintiffs initially objected. Thereafter, on December 27, 2021, Plaintiffs and Provident notified the court of their agreement to waive the right to arbitrate (Doc. 195) as follows:

> Plaintiffs and Provident have agreed to litigate these claims in court rather than in arbitration. In particular, Provident agrees that it will not seek to enforce its arbitration agreements against those claimants that (i) are represented by Plaintiffs' counsel and (ii) have filed or will file demands for arbitration against Provident in the American Arbitration Association regarding their Conestoga investments. As part of this agreement, Plaintiffs agree that they will pursue their claims against Provident related to the Conestoga investments in this Court.
>
> Within thirty (30) days of this notice, the Arbitration Plaintiffs will seek leave to file a Second Amended and Consolidated Complaint asserting these claims. Provident will not oppose the request for leave. Provident further agrees that, for limitations purposes, the claims asserted against Provident in the Second Amended

and Consolidated Complaint will relate back to the date on which Plaintiffs each filed their individual demands for arbitration, subject to any applicable grounds for tolling.

In light of their agreement to waive arbitration and to resolve their disputes in this Court, Plaintiffs and Provident respectfully submit that the pending request for a discretionary stay based on these arbitrations is now moot.

Jt. Notice 2 (Doc. 195).

In light of this agreement, the court **denies and rejects as moot** Report II and the parties' pending motions to dismiss and stay (Docs. 163, 165, 169).  To avoid delay, Plaintiffs shall file their Second Amended and Consolidated Complaint by **February 7, 2022.**

*Further, notwithstanding Plaintiffs' and Provident's agreement that Plaintiffs "will pursue their claims against Provident related to the Conestoga investments in this Court," the court warns Plaintiffs that it will not allow this action to be repeatedly delayed by the subsequent, continual addition of new plaintiffs who wish to pursue claims against Provident related to the Conestoga investments.  Additionally, the court is not bound, as a result of the foregoing agreement, to continue to accept the transfer of new cases in the future, for possible consolidation or otherwise, that Plaintiffs' counsel might bring on behalf of new plaintiffs against Provident.  This is particularly so if the court determines that any new related actions were filed to circumvent deadlines set by the court in this case, or it determines that accepting a transfer or consolidating new cases will interfere with its ability to effectively manage its docket or the proceedings in this action.*

Accordingly, Plaintiffs' Second Amended and Consolidated Complaint must include all of their claims against Provident related to the Conestoga investments that they intend to pursue in this action.  Any new plaintiffs that Plaintiffs' counsel wishes to join in this action must also be identified in Plaintiffs' Second Amended and Consolidated Complaint.  Given that this action was first filed against Defendants more than two years ago in July 2019, Plaintiffs' attorneys should know by this

time whether they intend to pursue claims by any yet-to-be named new plaintiffs against Provident related to the Conestoga investments.

It is so ordered this 4th day of January, 2022.

Sam A. Lindsay
United States District Judge