IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEE NEUKRANZ,** *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> **CONESTOGA SETTLEMENT, LLC;** § <br> **CONESTOGA INTERNATIONAL, LLC;** § <br> **CONESTOGA TRUST SERVICES, LLC;** § <br> **PROVIDENT TRUST GROUP, LLC;** § <br> **JAMES SETTLEMENT SERVICES, LLC;** § <br> **and MICHAEL MCDERMOTT,** § <br> § <br> Defendants.* § | Civil Action No. **3:19-CV-1681-L** <br> (Consolidated with 3:21-CV-568-L) |

## ORDER

On November 14, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 235) ("Report") was entered, recommending that the court grant Defendant Provident Trust Group, LLC's Motion to Dismiss Second Amended and Consolidated Complaint ("Motion" or "Motion to Dismiss") (Doc. 204), filed March 9, 2022, and dismiss with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), all claims asserted by Plaintiffs against Provident Trust Group, LLC ("Provident") for civil conspiracy, common law fraud, fraud by nondisclosure, federal securities fraud, and breach of fiduciary duty.

For the reasons herein explained, the court **accepts** the Report (Doc. 235); **overrules** Plaintiffs' objections (Doc. 238); and **grants** Provident's Motion to Dismiss (Doc. 204) as recommended by the magistrate judge.

---

* Strategix Solutions, Ltd. is no longer a defendant in this action, as Plaintiffs did not include it as a party when they filed their Amended and Consolidated Complaint (Doc. 147) on May 3, 2021. Former Defendant LL Bradford and Company, LLC was dismissed from this action as a result of the court's January 4, 2022 order (Doc. 196), which dismissed without prejudice all claims by Plaintiffs against LL Bradford and Company, LLC for lack of personal jurisdiction.

**Order – Page 1**

## I. The Report

The Report denied without prejudice the request to file a Third Amended Complaint that was included in Plaintiffs' response to the Motion to Dismiss because Plaintiffs failed to submit a proposed amended complaint in accordance with this district's Local Civil Rules, and they failed to explain how they would amend their pleadings.

The Report also warned that any objections filed by the parties must be specific:

> Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Report 38.

## II. Plaintiffs' Objections to the Report

On November 28, 2022, Plaintiffs filed objections to the Report (Doc. 238), to which Provident responded on December 12, 2022 (Doc. 243). Plaintiffs contend in their objections that the magistrate judge erred in determining that their pleadings do not adequately: (1) allege that Provident made misrepresentations or omissions; (2) allege that Provident acted with the requisite intent; (3) plead a claim for civil conspiracy; and (4) plead the existence of a fiduciary duty. Plaintiffs assert that the court should reject the magistrate judge's recommendation to grant Provident's Motion for the reasons included in their objections to the Report, their response to the Motion, "and other" unspecified allegations, which they contend "are more than sufficient to show that Provident 'made or authorized' misrepresentations." Pls.' Obj. 7, 9.

### III.     Provident's Response to Plaintiffs' Objections

Provident responds that Plaintiffs' incorporation by reference of their entire response to the Motion and other unspecified allegations does not comply with the magistrate judge's order or requirement that objections be specific. Provident further asserts that the magistrate judge correctly concluded that Plaintiffs fail to allege viable claims for fraud, civil conspiracy, and breach of fiduciary duty. Additionally, with respect to Plaintiffs' fraud claims, Provident contends that the allegations in Plaintiffs' Second Amended Complaint fail to: (1) identify any misrepresentations or omissions by it with sufficient particularity; and (2) allege facts regarding its fraudulent intent and scienter with sufficient particularity.

### IV.     Discussion

#### A.     Nonspecific Objections

The Report expressly warned, and the legal authority for asserting objections makes clear that objections to a magistrate judge's findings and recommendation regarding a dispositive motion must be specific. Report 38 (citing 28 U.S.C. § 636(b)(1); & Fed. R. Civ. P. 72(b)). The court, therefore, agrees with Provident that Plaintiffs' vague reference in their objections to their response to the Provident's Motion, and their contention that "other" unspecified allegations "are more than sufficient to show that Provident 'made or authorized' misrepresentations" (Pls.' Obj. 7, 9) are not sufficiently specific and, thus, will not be considered in ruling on their objections to the Report.

#### B.     Other Objections

The court determines that the magistrate judge did not err in determining that Plaintiffs' pleadings fail to state viable claims for fraud, whether based on common law fraud, fraud by nondisclosure, or federal securities fraud. As Plaintiffs' civil conspiracy is based on the same

Order – Page 3

factual allegations of fraud, this claim similarly fails. Further, the court finds no error in the magistrate judge's determination that Plaintiffs' claim against Provident for breach of fiduciary duty under Texas law fails as a matter of law notwithstanding Plaintiffs' creative, but legally flawed argument to the contrary. The court, therefore, **overrules** Plaintiffs' objections to the Report.

## C. Amendment of Pleadings

As indicated, Plaintiffs' response to Provident's Motion (Doc. 214), which was filed March 30, 2022, included a request to amend their pleadings in the event the court determined that the Motion to Dismiss had merit. According to the November 14, 2022 Report, the request to amend was denied without prejudice by the magistrate judge because Plaintiffs did not "identify any additional facts that they [sought] to include in a third amended complaint" or submit a proposed amended complaint as required by this district's Local Civil Rules. Report 37. Plaintiffs did not object to the magistrate judge's denial of their request to amend their pleadings within the time provided for making objections to rulings on nondispositive motions. Plaintiffs, therefore, **waived** any objection they may have had regarding this ruling.

The court finds no error with this ruling. Even so, it will not entertain any new or additional motions to amend by Plaintiffs at this late juncture with respect to Provident or the claims against it that are being dismissed with prejudice as a result of this order. The scheduling order entered by the magistrate judge on April 14, 2022, set a deadline of January 16, 2023, for amendment of pleadings. As this deadline expired two months ago and would require modification of the scheduling order, any new request by Plaintiffs to amend their pleadings would no longer be governed by Federal Rule of Civil Procedure 15(a)'s liberal pleading standard, which applied to their former request to amend when made approximately one year ago on March 30, 2022.

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. Southwest Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16(b), the party seeking to amend must first show "good cause" for failing to meet the deadline for pleading amendments before the court can modify the scheduling order. *Id.*; Fed. R. Civ. P. 16(b)(4) (a scheduling order "may be modified only for good cause and with the judge's consent"). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. In deciding whether to allow an untimely amendment, the court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation marks, brackets, and citations omitted).

As noted, Plaintiffs did not object to the magistrate judge's denial of their request to amend that was included in their response to the Motion to Dismiss. In the four months since that request was denied, they did not file a motion to amend their pleadings in an effort to cure the deficiencies noted by the magistrate judge. Likewise, no effort was made by them to amend before expiration of the pleadingS amendment deadline.

Plaintiffs also never explained how they would cure any of the deficiencies in their pleadings. They, instead, argued in response to the Report that the allegations in their Second Amended Complaint as to Provident are sufficient as currently pleaded. For these reasons, and because Plaintiffs have previously amended their pleadings three times since the case was removed

**Order – Page 5**

to federal court in July 2019 (Docs. 21, 147, 197), the court determines that they have pleaded their "best case" with respect to Provident. Accordingly, allowing them to further amend their claims as to Provident would be futile and unnecessarily delay the resolution of the litigation, which has now been pending approximately three years, not counting the eight months it was stayed or administratively closed between August 2020 and April 2021 pending arbitration of certain claims. Moreover, litigation in every case must eventually come to an end because, at some point, "justice delayed" is "justice denied." *In re United States ex rel. Drummond*, 886 F.3d 448, 450 (5th Cir. 2018) (citation omitted). Thus, notwithstanding the magistrate judge's decision to deny without prejudice Plaintiffs' March 30, 2022 request to amend their pleadings, the court will not entertain any new motions by Plaintiffs to further amend their pleadings with respect to any claim against Provident that the court has dismissed with prejudice.

## V.   Conclusion

Having considered the Motion, pleadings, file, Report, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made and not waived, the court determines that the magistrate judge's findings and conclusions (Doc. 235) are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiffs' objections (Doc. 238) to the Report; **grants** Provident's Motion to Dismiss (Doc. 204); and **dismisses with prejudice** all claims by Plaintiffs against Provident for common law fraud, fraud by nondisclosure, federal securities fraud, civil conspiracy, and breach of fiduciary duty.

**It is so ordered** this 16th day of March, 2023.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge