IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEE NEUKRANZ,** *et al.***,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-1681-L** |
| | § | (Consolidated with 3:21-CV-568-L) |
| **CONESTOGA SETTLEMENT, LLC;** | § | |
| **CONESTOGA INTERNATIONAL, LLC;** | § | |
| **CONESTOGA TRUST SERVICES, LLC;** | § | |
| **PROVIDENT TRUST GROUP, LLC;** | § | |
| **JAMES SETTLEMENT SERVICES, LLC;** | § | |
| **and MICHAEL MCDERMOTT,** | § | |
| | § | |
| Defendants.[1] | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On November 23, 2022, the Findings, Conclusions and Recommendation of the United

States Magistrate Judge (Doc. 236) ("Report") was entered, recommending that the court grant in

part and deny in part Defendants Conestoga Settlement Services, LLC ("CSS"); Conestoga

International, LLC ("CILLC"); Conestoga Trust Services, LLC ("CTS") (collectively, "the

Conestoga Defendants"); and Michael McDermott's Motion to Dismiss Plaintiffs' Second

Amended and Consolidated Complaint ("Motion" or "Motion to Dismiss") (Doc. 208), filed

March 10, 2022, and dismiss with prejudice all claims by Plaintiffs against the Conestoga

Defendants and Mr. McDermott, except for their request for a declaratory judgment against the

---

[1] Strategix Solutions, Ltd. is no longer a defendant in this action, as Plaintiffs did not include it as a party when they filed their Amended and Consolidated Complaint (Doc. 147) on May 3, 2021. Former Defendant LL Bradford and Company, LLC was dismissed from this action as a result of the court's January 4, 2022 order (Doc. 196), which dismissed without prejudice all claims by Plaintiffs against LL Bradford and Company, LLC for lack of personal jurisdiction.

Conestoga Defendants.[2]   On December 21, 2022, Plaintiffs filed objections to the Report (Doc.

246).  Plaintiffs' objections deal only with the magistrate judge's recommendation regarding the

Motion to Dismiss. The Conestoga Defendants and Mr. McDermott filed a response to these

objections on January 23, 2023 (Doc. 252). For the reasons herein explained, the court **accepts** the

Report (Doc. 236); **overrules** Plaintiffs' objections (Doc. 246); and **grants in part and denies in**

**part** the Conestoga Defendants' and Mr. McDermott's Motion (Doc. 208) as recommended by the

magistrate judge.   Further, although the magistrate judge denied without prejudice Plaintiffs'

request to file an amended complaint in the event their pleadings were found deficient, the court

will not entertain any further requests to amend with respect to the Conestoga Defendants or Mr.

McDermott and the claims against these Defendants that are being dismissed with prejudice as a

result of this memorandum opinion and order.

## I.      The Report

The Report recommends that the Motion be granted with respect to Plaintiffs' claims for

common law fraud, fraud by nondisclosure, securities fraud, civil conspiracy, and breach of

fiduciary duty, and denied as to Plaintiff's request for a declaratory judgment.  The magistrate

judge's recommendation turns on her determination that the factual allegations in Plaintiffs'

Second Amended and Consolidated Complaint ("Second Amended Complaint" or "Complaint")

(Doc. 197) fail to satisfy Rule 9(b)'s heightened pleading standard because the Complaint and

Plaintiffs' fraud-based claims rely on impermissible group pleading with respect to the Conestoga

Defendants' and Mr. McDermott's misrepresentations or omissions, knowledge, and intent or

---

[2] The Report also includes the magistrate judge's rulings on three other nondispositive motions or requests for relief, including a request by Plaintiffs in response to the Motion to Dismiss to amend their pleadings.  No objections to these rulings were asserted by any party.

scienter.  As Plaintiffs' conspiracy and fiduciary claims are premised on their fraud claims and related factual allegations, the Report concludes that these claims similarly fail.

As a result of this recommendation, all claims against Mr. McDermott would be dismissed with prejudice. In addition, Plaintiffs' fraud and civil conspiracy claims against all Conestoga Defendants would be dismissed with prejudice; and Plaintiffs' breach of fiduciary duty claim against CTS would be dismissed with prejudice. This would leave only Plaintiffs' request for a declaratory judgment against all Conestoga Defendants.[3]

The Report also denied without prejudice Plaintiffs' request to file a Third Amended Complaint that was included in their response to the Motion because they failed to include the request in a separate motion that complied with this district's Local Civil Rules.

Finally, the Report warned that any objections filed by the parties must be specific:

> Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Report 39.

## II.     Plaintiffs' Objections to the Report

Plaintiffs contend in their objections that the magistrate judge erred in determining that their pleadings do not adequately: (1) allege that each Defendant made misrepresentations; and (2) plead claims for civil conspiracy and breach of fiduciary duty.  Plaintiff's assert that their conspiracy and fiduciary duty claims survive because their fraud claims are adequately pleaded.

---

[3] The claims against certain other Defendants also remain and are the subject of separate pending motions to dismiss. These motions will be addressed by separate order.

Plaintiffs further assert that the court should reject the magistrate judge's recommendation to grant the Motion based on the reasons included in their objections to the Report, their "prior briefing," "and other" unspecified allegations, which they contend "sufficiently allege that the Conestoga Defendants 'made or authorized' misrepresentations." Pls.' Obj. 2, 3, 5, 9.

**III.      The Conestoga Defendants' and Mr. McDermott's Response to the Objections**

The Conestoga Defendants and Mr. McDermott disagree and respond that the magistrate judge correctly determined that Plaintiffs' fraud claims fail to satisfy Rule 9(b) because of their reliance on a "group pleading" approach, and Plaintiffs' conspiracy and fiduciary duty claims similarly fail because they are premised on the same tort claims and facts.  In addition, the Conestoga Defendants and Mr. McDermott note that Plaintiffs' objections fail to address or specifically object to the magistrate judge's findings that the Complaint improperly groups them in pleading the knowledge and intent required for their fraud claims.

Alternatively, the Conestoga Defendants and Mr. McDermott contend that the court should grant their Motion on grounds presented to but not reached by the magistrate judge, including the following grounds that: (1) no class has been certified and each Plaintiff must individually satisfy Rule 9(b); (2) Plaintiffs failed to "adequately plead *justifiable reliance* on any specific misrepresentations"; and (3) "[c]laims that JSS [James Settlement Services, LLC] should have been identified to Plaintiffs fail because no facts are alleged to support the conclusory assertion that merely identifying JSS would have been material to any Plaintiff"; (4) "all claims based on an alleged failure to disclose that McDermott and/or JSS had been involved in prior life settlement 'scams' should be dismissed because there is do duty to admit the truth of and then disclose unproven allegations"; and (5) "all [c]laims based on alleged failures to disclose that premium costs would 'substantially increase and that the annual premiums would significantly exceed the

amount stated on the PSS' should be dismissed because no facts are alleged to indicate any Defendant knew that to be the case," and "[s]uch claims are also improperly conclusory because [] no facts are pled to explain what is meant by a 'substantial' or 'significant' increase." Defs.' Resp. to Pls.' Obj. 16, 22-24.

## IV.   Discussion

### A.   Nonspecific Objections Based on Prior Briefing

The Report expressly warned, and the legal authority for asserting objections makes clear, that objections to a magistrate judge's findings and recommendation regarding a dispositive motion must be "specific." *See* Report 39 (citing 28 U.S.C. § 636(b)(1); & Fed. R. Civ. P. 72(b)). The Conestoga Defendants and Mr. McDermott contend, and the court agrees, that the vague references in Plaintiffs' objections to their "prior briefing" and their contention that "other" unspecified allegations "sufficiently allege that the Conestoga Defendants 'made or authorized' misrepresentations" (Pls.' Obj. 2, 3, 5, 9) are not sufficiently specific. Accordingly, these nonspecific arguments will not be considered in ruling on Plaintiffs' objections to the Report.

### B.   Fraud Claims

The legal standards applicable to Plaintiffs' common law fraud claims and securities fraud claims, and their remaining claims that rely on the same factual allegations, are accurately set forth in detail in the Report and need not be repeated verbatim here, as Plaintiffs do not contend that the magistrate judge applied the wrong legal standard to their claims. Instead, Plaintiffs contend that the magistrate judge erred in concluding that their claims, as currently pleaded, fail to satisfy the legal standards applicable to their claims. For the reasons that follow, the court **overrules** Plaintiffs' objections to the Report regarding their fraud claims.

### 1. Misrepresentations and Omissions

Regarding the adequacy of Plaintiffs' pleadings with respect to the allegedly fraudulent representations or omissions by the Conestoga Defendants and Mr. McDermott—the "who" required to satisfy Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA")[4]—the magistrate judge determined:

> Even though the [S]econd [A]mended [C]omplaint specifically identifies the material misrepresentations contained in the marketing materials, as well as the material facts that were not disclosed and should have been in the marketing materials, it lacks particularity as to which defendant created or made the misrepresentations or authorized the omissions in those marketing materials. As discussed, allegations that "lump all defendants together, failing to segregate the alleged wrongdoing of one from those of another," do not satisfy the requirements of Rule 9(b).

Report 25 (citations omitted).  The magistrate judge further determined that Plaintiffs' general allegations regarding the participation and involvement of multiple Defendants in preparing marketing materials was insufficient without more to satisfy Rule 9(b) or the PSLRA.  *Id.* (citations omitted).

Plaintiffs disagree that their pleadings lump all Defendants together and fail to adequately distinguish between each Defendant's role or involvement in the misrepresentations and omissions included in the marketing materials. Alternatively, Plaintiffs assert that, while the magistrate judge scrutinized their pleadings for grouping the Conestoga Defendants together in certain respects, the Conestoga Defendants and Mr. McDermott have routinely blurred the distinctions between the Conestoga entities and created the ambiguity surrounding the issue of which Defendant did what

---

[4] *See* Report 22 & n.11 (quoting *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) ("Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out" with respect to a fraud claim.) (internal quotations omitted); *see also* Report 22 & n.11 (quoting *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 362-63 (5th Cir. 2004), and explaining that the PSLRA, which governs federal securities fraud claims, "reinforces the particularity requirements of Rule 9(b)" and requires "plaintiffs to state not only the time, place, the identity of the speaker, and the content of the alleged misrepresentation, but also to explain why the challenged statement or omission is false or misleading.") (citation omitted).

by vaguely describing their operations. Plaintiffs, thus, argue that they "cannot be expected—particularly at the pleading stage—to be able to identify with any greater specificity than they have already done in [their Second Amended Complaint] which of the Conestoga Defendants approved which statements" because "[o]nly the Conestoga Defendants themselves know which 'Conestoga' they were referencing in the statements identified." Pls.' Obj. 7.

For support, Plaintiffs rely on *United States ex rel. Willard v. Humana Health Plan of Texas Incorporated*, 336 F.3d 375, 385 (5th Cir. 2003) (stating that "[i]t is true that the pleading requirements of Rule 9(b) may be to some extent relaxed where … the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge."). They also rely on *United States ex rel. Thompson v. Columbia/HCA Healthcare Corporation*, 125 F.3d 899, 903 (5th Cir. 1997), for the same proposition—"that Rule 9(b) standards are relaxed whe[n] relevant facts are peculiarly within the knowledge of the perpetrators." Pls.' Obj. 2. This argument, however, was not presented to the magistrate judge for consideration. Legal arguments made for the first time in objecting to a magistrate judge's report are waived. *Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir.1998) (citation omitted). Accordingly, Plaintiffs **waived** this argument in not presenting it to the magistrate judge in the first instance in responding to the Motion to Dismiss.

Plaintiffs' objections to the Report also make four passing references to Mr. McDermott's role as the person who created, managed, or controlled the Conestoga entities, but the import of these assertions is not entirely clear from Plaintiffs' objections because the argument was not adequately briefed. Pls.' Obj. 1, 8, 10. In response to the Motion to Dismiss, Plaintiffs similarly asserted that Mr. McDermott created, managed, or controlled the Conestoga entities. In this regard, they argued that the:

> usual concerns about group pleading do not apply because McDermott manages the Conestoga entities. *See Resolution Trust Corp. v. Hayes*, Civ. A. [SA-92-CA-

**Memorandum Opinion and Order – Page 7**

0653,] 1992 WL 512414, *2 (W.D. Tex. Dec. 2, 1992) ("As a general rule, the knowledge of an agent is imputed to his principle [sic]. As a result, the knowledge of the officers and directors of a corporation generally is imputed to the corporation."). Specifically, the SAC [Second Amended Complaint] alleges that McDermott is "the founder and sole manager" of at least Conestoga Settlement Services, LLC and Conestoga International, LLC. (SAC ¶¶ 114, 157).

The SAC further alleges that McDermott created a "labyrinth of Conestoga entities . . . to acquire life insurance policies and then to market and sell interests in those policies to older investors." (*Id.* ¶ 145). Thus, even if the SAC had lumped the entities together, it would not matter because McDermott's knowledge, intent, and conduct may be imputed to each of the closely-held Conestoga entities that he controlled. *SEC v. C[]ouch*, [No. 3:14-CV-1747-D], 2014 WL [] 7404127, at *5 (N.D. Tex. Dec. 31, 2014) (holding plaintiff satisfied Rule 9(b) despite "lump[ing] together" "multiple defendants' conduct" because the "plaintiff's allegations elsewhere designate[d] the nature of the defendants' relationship to a particular scheme and identif[ied] the defendants' role"); *[Moore v.] Payson Petrol. Grayson, LLC*, [No. 3:17-CV-1436-M-BH,] 2018 WL 793800, *6 (N.D. Tex. Jan. 22, 2018) (explaining that global allegations satisfy Rule 9(b) when one defendant directs the others).

Pls.' Resp. 5-6.

The Report does not address this argument by Plaintiffs. Plaintiffs, however, did not object to the Report on this ground, that is, they do not object that the magistrate judge failed to address this legal argument and its applicability to this case, and, as noted, the mere mention of Mr. McDermott's alleged role as the person who created, managed, or controlled the Conestoga entities is not adequately briefed in Plaintiffs' objections. Consequently, any such objections are **waived**. *See Burnley v. City of San Antonio*, 470 F.3d 189, n.10 (5th Cir. 2006) (citing *L&A Contracting Co. v. So. Concrete Servs. Inc.*, 17 F.3d 106, 113 (5th Cir. 1994), for the proposition that inadequately briefed arguments are considered abandoned or waived); *see also* L.R. 72.2 ("Objections filed under Fed. R. Civ. P. 72(b)(2) must be accompanied by a brief that sets forth the party's contentions of fact and/or law, and argument and authorities[.]").

Regardless, the cases cited above in Plaintiffs' response to the Motion to Dismiss are distinguishable. *Resolution Trust* involved a motion to dismiss legal malpractice claims under Rule 12(b)(6), not fraud claims under Rule 9(b)'s or the PSLRA's heightened pleading standard. In *Moore*, the magistrate judge distinguished *Couch* because, unlike *Couch*, the context of the "who" allegations against certain defendants in that case required additional specificity to satisfy Rule 9(b). *Moore*, 2018 WL 793800, at *5 (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("[C]ourts have emphasized that Rule 9(b)'s ultimate meaning is context specific"). Like *Moore*, Plaintiffs' allegations require additional specificity because the role of Mr. McDermott in relation to the Conestoga Defendants is not as clear-cut as they contend.

In *Couch*, even though the SEC's complaint lumped the defendants' conduct together in many respects, the court disagreed with the defendants' contention that the complaint failed to identify the alleged speaker of the misrepresentations with sufficient particularity. In rejecting this argument, the court in *Couch* reasoned:

> The complaint identifies the parties separately, specifying that COG is a corporation and that Couch is COG's owner, principal, director, president, CEO and control person, and it asserts that both Couch and COG (acting through Couch) solicited the investments and created the Offering Documents and PPMs. COG is a corporation that can act only through its officers and directors.

*Couch*, 2014 WL 7404127, at *5. The *Couch* court, therefore, concluded that "[l]umping defendants' conduct together in this context [was] sufficiently specific to satisfy Rule 9(b)." *Id.*

Plaintiffs argue in response to the Motion to Dismiss that their pleadings are sufficiently specific for similar reasons because they allege that Mr. McDermott created, managed, or controlled the Conestoga entities such that they are one and the same. Other allegations in their Second Amended Complaint, however, undermine and contradict this argument and the allegation in their pleadings that Mr. McDermott exerted total control over the Conestoga Defendants as the

**Memorandum Opinion and Order – Page 9**

"sole manager of each of the Conestoga entities."  Pls.' Compl. ¶ 151.  For example, Plaintiffs qualify their "sole manager" allegation by alleging that Mr. McDermott "maintained direct *or indirect control of (at least) CSS and CILCC*."  *Id*. ¶ 157.  In other words, Plaintiffs acknowledge here that Mr. McDermott's control of the Conestoga Defendants in certain respects was "indirect" and limited to CSS and CILCC.  Plaintiffs also acknowledge that CTS's sole member is someone other than Mr. McDermott, *see id*. ¶ 112, and that CTS, not Mr. McDermott, "knowingly permitted and encouraged McDermott and CILLC (and their agents) to act as its agent in marketing, offering, and selling the [allegedly] fraudulent investments to investors."  *Id*. ¶ 155.  In addition, Plaintiffs allege that Mr. McDermott was admittedly only one of the persons involved in the establishment of CTS.  *Id*. ¶ 152.

Plaintiffs further allege that Mr. McDermott, the Conestoga Defendants, or both "partnered" and "worked with" other entities such as Provident Trust Group, LLC ("Provident") and James Settlements Services, LLC ("JSS");[5] and that the marketing of the investments was handled through a "multilevel marketing [] network" of "hundreds of sales representatives" working for various organizations. *Id*. ¶¶ 183-85.  While Plaintiffs allege that Mr. McDermott was at the top of this marketing pyramid, *id*. ¶ 184, they acknowledge that at least some sales representatives were "independent" and that, according to one such "independent representative," who sold investments to several Plaintiffs, "Provident handled virtually all of the business operations' for Conestoga." *Id*. ¶ 232.  Plaintiffs also allege that it was Provident or Provident's co-founder Jason Helquist, not Mr. McDermott, who "encouraged the Conestoga sales agents to target investors' 401K savings for investments in Conestoga life settlements" and "authorized the Conestoga independent sale agents to act on its behalf to solicit investors to open 401K or IRA

---

[5] Pls.' Compl. ¶¶ 6, 140, 148, 197, 217, 230, 243; *see also* Pls.' Compl. 18 at § C; 38 at § G(b).

Case 3:19-cv-01681-L-BH   Document 255   Filed 03/16/23   Page 11 of 15   PageID 10883

accounts with Provident." *Id.* ¶¶ 244-45.  Thus, unlike *Couch*, this is not a situation in which the

corporate entities (here, the Conestoga entities) were acting through a single control person.

Accordingly, even if not waived, this argument by Plaintiffs that the Conestoga Defendants could

only act through Mr. McDermott is not supported by the facts of this case as alleged in the Second

Amended Complaint or the reasoning in *Resolution Trust*, *Couch*, or *Moore*.

### 2.  Scienter or Fraudulent Intent

Regarding the scienter or fraudulent intent element of Plaintiffs' fraud claims, the

magistrate judge determined:

> Even though Plaintiffs allege facts about each defendant's role in the
> Conestoga investment, their group pleading allegations that all the defendants made
> the misrepresentations and omissions in the marketing materials are inadequate to
> raise a reasonable inference of each individual defendant's conscious participation
> in the fraudulent conduct giving rise to the fraud claims against each defendant.
> "The complaint must distinguish the role, intent, and knowledge of each
> defendant."

Report 28-29 (citations omitted).

Plaintiffs' objections do not mention this finding or take issue with it in any respect. [6]  This,

therefore, constitutes an independent ground for dismissing Plaintiffs' fraud claims to which no

---

[6] As noted, in responding to the Conestoga Defendants' and Mr. McDermott's Motion to Dismiss, Plaintiffs relied on *Resolution Trust*, *Couch*, and *Moore* to support their argument that, even if their pleadings lumped the Conestoga entities together, "it would not matter because McDermott's knowledge, intent, and conduct may be imputed to each of the closely-held Conestoga entities that he controlled." Pls.' Resp. 6.  Contrary to this assertion, none of these cases held that group pleading can satisfy the requirement under Rule 9(b) or the PSLRA that a defendant's fraudulent intent or scienter be pleaded with particularity, and, as the Report correctly concludes, the group pleading approach to scienter has been rejected by the Fifth Circuit.  Report 23-24 (citing *Indiana Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp.*, 537 F.3d 527, 533 (5th Cir. 2008)).  Likewise, although not raised by Plaintiffs, the court also notes that the Fifth Circuit has not, to date, endorsed or adopted the corporate scienter approach followed by the Seventh Circuit, and the district courts in the Fifth Circuit that have applied this exception have interpreted it narrowly. *See Ranieri v. AdvoCare Int'l, L.P.*, 336 F. Supp. 3d 701, 721-23 (N.D. Tex. 2018) (discussing *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 513 F.3d 702, 710 (7th Cir. 2008)). In any event, the facts of this case do not support application of this extraordinarily narrow exception, which was created "for situations in which an announcement is issued that is so 'dramatic' that it 'would have been approved by corporate officials sufficiently knowledgeable about the company to know that the announcement was false.'" *Ranieri*, 336 F. Supp. 3d at 722 (quoting *Tellabs, Inc.*, 513 F.3d at 710). Thus, even if Plaintiffs did not waive these arguments by failing to raise or brief them in their objections to the Report (or their response to the Motion to Dismiss), any such arguments are unavailing.

**Memorandum Opinion and Order – Page 11**

objection was made.   In not addressing this alternative basis for the magistrate judge's recommendation that their fraud claims should be dismissed, Plaintiffs **waived** the issue. *See Lopez v. Sentrillon Corp.*, 749 F.3d 347, 352 & nn.18-19 (5th Cir. 2014), *as revised* (Apr. 28, 2014) (concluding that failure of the appellant to challenge the district court's alternative and independent basis for remand or dismissal constituted a waiver of this issue that defeated any chance the appellant had of prevailing) (citing *Atwood v. Union Carbide Corp.*, 847 F.2d 278, 280 (5th Cir. 1988) ("Since appellants have adopted the Bush brief, we examine it to determine the issues presented here. That examination reveals no mention of the causation issue. Because that issue constituted an independent ground for dismissal below, appellants were required to raise it to have any chance of prevailing in this appeal.").

### C.  Breach of Fiduciary Duty and Conspiracy

As Plaintiffs' conspiracy and breach of fiduciary claims are premised on the same allegations of fraudulent conduct, these claims also fail for the reasons stated in the Report and this memorandum opinion and order, particularly in light of the court's decision to overrule Plaintiffs' objections regarding their fraud claims.   Accordingly, Plaintiffs' objections regarding their conspiracy and breach of fiduciary claims are similarly **overruled**.

### D.  Amendment of Pleadings

Plaintiffs' response to the Conestoga Defendants' and Mr. McDermott's Motion to Dismiss (Doc. 213), which was filed March 30, 2022, included a request to amend their pleadings in the event the court determined that the Motion had merit.   According to the November 23, 2022 Report, the request to amend was denied without prejudice by the magistrate judge because Plaintiffs did not "identify any additional facts that they [sought] to include in a third amended complaint" or submit a proposed amended complaint as required by this district's Local Civil

Rules.  Report 38.  Plaintiffs did not object to the magistrate judge's denial of their request to amend their pleadings within the time provided for making objections to rulings on nondispositive motions.  Plaintiffs, therefore, **waived** any objection they may have had regarding this ruling.

The court finds no error with this ruling.  Even so, it will not entertain any new or additional motions to amend by Plaintiffs at this late juncture with respect to the Conestoga Defendants or Mr. McDermott and the claims against these Defendants that are being dismissed with prejudice as a result of this memorandum opinion and order.  The scheduling order entered by the magistrate judge on April 14, 2022, set a deadline of January 16, 2023, for amendment of pleadings.  As this deadline expired two months ago and would require modification of the scheduling order, any new request by Plaintiffs to amend their pleadings would no longer be governed by Federal Rule of Civil Procedure 15(a)'s liberal pleading standard, which applied to their former request to amend when made approximately one year ago on March 30, 2022.

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. Southwest Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).  Under Rule 16(b), the party seeking to amend must first show "good cause" for failing to meet the deadline for pleading amendments before the court can modify the scheduling order.  *Id.*; Fed. R. Civ. P. 16(b)(4) (a scheduling order "may be modified only for good cause and with the judge's consent"). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S&W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. In deciding whether to allow an untimely amendment, the court considers "(1) the explanation for the failure to timely

move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing

the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal

quotation marks, brackets, and citations omitted).

As noted, Plaintiffs did not object to the magistrate judge's denial of their request to amend

that was included in their response to the Motion to Dismiss.  In the four months since that request

was denied, they did not file a motion to amend their pleadings in an effort to cure the deficiencies

noted by the magistrate judge.  Likewise, no effort was made by them to amend before expiration

of the pleadings amendment deadline.

Plaintiffs also never explained how they would cure any of the deficiencies in their

pleadings.  They, instead, argued in response to the Report that they could not allege their claims

against the Conestoga Defendants and Mr. McDermott with any greater specificity than they had

already done. For these reasons, and because Plaintiffs have previously amended their pleadings

three times since the case was removed to federal court in July 2019 (Docs. 21, 147, 197), the court

determines that they have pleaded their "best case" as to the Conestoga Defendants and Mr.

McDermott.  Accordingly, allowing them to further amend their claims as to these Defendants

would be futile and unnecessarily delay the resolution of the litigation, which has now been

pending approximately three years, not counting the eight months it was stayed or administratively

closed between August 2020 and April 2021 pending arbitration of certain claims.  Moreover,

litigation in every case must eventually come to an end because, at some point, "justice delayed"

is "justice denied." *In re United States ex rel. Drummond*, 886 F.3d 448, 450 (5th Cir. 2018)

(citation omitted).   Thus, notwithstanding the magistrate judge's decision to deny without

prejudice Plaintiffs' March 30, 2022 request to amend their pleadings, the court will not entertain

**Memorandum Opinion and Order – Page 14**

any new motions by Plaintiffs to further amend their pleadings with respect to any claim against the Conestoga Defendants or Mr. McDermott that the court has dismissed with prejudice.

## V.      Conclusion

Having considered the pleadings, the Conestoga Defendants' and Mr. McDermott's Motion to Dismiss, the file, Report, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made and not waived, the court determines that the magistrate judge's findings and conclusions are correct (Doc. 236), and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiffs' objections (Doc. 246) to the Report; **grants in part and denies in part** the Conestoga Defendants' and Mr. McDermott's Motion to Dismiss (Doc. 208); and **dismisses with prejudice** Plaintiffs' claims against the Conestoga Defendants and Mr. McDermott for common law fraud, fraud by nondisclosure, federal securities fraud, breach of fiduciary duty, and civil conspiracy.  As a result, only Plaintiffs' request for a declaratory judgment against the Conestoga Defendants and Mr. McDermott remains.

**It is so ordered** this 16th day of March, 2023.

Sam A. Lindsay
United States District Judge